
# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 10, 2016 Session

## BOBBY D. MURRAY, ET AL. v. MICHAEL MURPHY, ET AL.

### Appeal from the Chancery Court for Roane County
**Nos. 2014-AD-455, 2016-AD-496**      **Michael S. Pemberton, Judge**

### No. E2016-01908-COA-R3-CV

The *pro se* appellants, Bobby Murray and Loretta Murray, appeal from an order of the Trial Court which does not resolve all the issues and claims raised in the consolidated proceedings below. The appellees, Michael Murphy and Vicki Murphy, have filed a motion to dismiss the appeal arguing that the lack of a final order deprives this Court of jurisdiction. Because the appellants concede in their response to the motion to dismiss that "the case is not over and the Final Order is not yet made," it appears that the motion to dismiss is well-taken and this appeal is dismissed for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS R. FRIERSON, II, J., D. MICHAEL SWINEY, C.J., AND CHARLES D. SUSANO, JR., J.

Bobby Murray, Harriman, Tennessee, appellant, *pro se*.

Loretta Murray, Harriman, Tennessee, appellant, *pro se*.

Martin W. Cash, Jr., Kingston, Tennessee, for the appellees.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Even though the record has not yet been transmitted for this appeal, the appellants' concession in their response to the motion to dismiss confirms that there is not a final appealable judgment. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because there are unresolved claims and issues in the proceedings below, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). While the Supreme Court in *Bayberry* remarked that there is "no bar" to the suspension of the finality requirements of Rule 3(a) pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure, there has been no argument made by the appellants in this case that would support suspension of the requirements of the rule. *See id.* (noting that "there must be a good reason for suspension"). Moreover, the question exists whether such a suspension would be proper given developments in the law subsequent to *Bayberry*. *See Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011) ("Lack of appellate jurisdiction cannot be waived.") (citing *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996)).

Because this Court lacks jurisdiction to consider this appeal, the motion to dismiss is granted and this case is dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. This disposition renders all pending motions in this appeal moot. Costs on appeal are taxed to the appellants, Bobby Murray and Loretta Murray, for which execution may issue if necessary.

**PER CURIAM**